THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* SANTA CLARA LUMBER COMPANY, Appellant.   (Actions Nos. 1 and 2.)

Third Department, January 6, 1926.

**Trial — discontinuance — motion under Conservation Law, § 9, to discontinue action on stipulation by Attorney-General in 1922 — motion denied.**

A motion to discontinue an action by the State of New York pursuant to section 9 of the Conservation Law, which motion is based on a stipulation of discontinuance given by the Attorney-General in 1922, is denied, since the discontinuance of this action is within the discretion of the court, and since it appears that it will be for the best interests of the State to have the action tried.

APPEAL by the defendant, Santa Clara Lumber Company, in each of the above-entitled actions, from an order of the Supreme Court, made at the Warren Special Term in each action, and entered in the office of the clerk of the county of Franklin on the 11th day of March, 1925, denying defendant's motion to discontinue the action.

*Parsons, McClung & Rose* [*Benjamin McClung* of counsel], for the appellant.

*Albert Ottinger, Attorney-General* [*John O. Bates, Deputy Attorney-General,* of counsel], for the respondent.

PER CURIAM.   This motion is made under section 9 of the Conservation Law (as amd. by Laws of 1918, chap. 68) and is based on a stipulation of discontinuance given by the Attorney-General in the year 1922.   That section clearly contemplates that the court may and in some cases should refuse to permit the discontinuance of an action even though application for such discontinuance be unopposed.   Here the present Attorney-General on this appeal opposes the motion, claiming that the said stipulation of discontinuance was ineffectual.   His predecessor opposed the motion at Special Term.   It would seem, therefore, that there is at least a fair question whether the interests of the State would properly be protected by a discontinuance of the action.   The questions involved are important. Some of them may constitute precedents for the guidance of State officers in other cases.   All questions which the defendant invokes in its behalf may by proper procedure be made available on the trial of the action.   We think that the nature and importance of the questions are such that they should be determined by a trial of the action in the ordinary manner rather than on a motion. The entire controversy may in that manner be brought before

the court and the rights of both parties will perhaps be better conserved. We, therefore, affirm the order in the exercise of our discretion and without deciding the merits of any question raised.

The orders should be affirmed, without costs.

Orders unanimously affirmed, without costs.

